IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHOW SERVICES, LLC, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| AMBER TRADING COMPANY LLC | § | |
| d/b/a AMBER INTERNATIONAL | § | |
| d/b/a FACET INTERNATIONAL | § | |
| MARKETING d/b/a FACET | § | |
| BUSINESS COMMUNICATIONS INC., | § | |
| | § | |
|     Defendant, | § | |
| | § | |
| FACET BUSINESS COMMUNICATIONS | § | |
| INC., | § | |
| | § | |
|     Defendant- | § | Civil Action No. 3:09-CV-2385-D |
|     third-party plaintiff, | § | |
|     third-party- | § | |
|     counterdefendant, | § | |
| | § | |
| CHRISTINE ELLIS, | § | |
| | § | |
|     Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| LEADING EDGE EVENTS & | § | |
| MEDIA, LTD., | § | |
| | § | |
|     Defendant- | § | |
|     third-party defendant- | § | |
|     third-party | § | |
|     counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant-third-party defendant-third-party counterplaintiff

Leading Edge Events & Media, Ltd. ("Leading Edge") moves to dismiss

the first amended complaint ("amended complaint") of plaintiff Show

Services, LLC ("Show Services") under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief can be granted.[1]  For the reasons that follow, the court grants the motion, but it also grants Show Services leave to replead.

I

Defendants Amber Trading Company LLC d/b/a Amber International d/b/a Facet International Marketing d/b/a Facet Business Communications Inc. ("Amber"), defendant-third-party plaintiff-third-party counterdefendant Facet Business Communications, Inc. ("Facet"), defendant Christine Ellis ("Ellis"), and Leading Edge solicited Show Services to act as a general contractor and assist in the production of a professional aviation trade show (the "Show").[2]  Show Services and its proprietors perform trade show and exhibit show services.  Amber and Facet specialize in trade show

---

[1]Leading Edge also moves to dismiss Show Services' claims for fraud, constructive fraud, and sham to perpetuate fraud for failure to comply with the pleading standards of Rule 9.  Because Show Services has withdrawn these claims for now, the court need not address this component of Leading Edge's motion to dismiss.

[2]In deciding Leading Edge's Rule 12(b)(6) motion to dismiss, the court construes Show Services' amended complaint in the light most favorable to it, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in its favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  As the court explains below, to survive the motion, Show Services must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U. S. ___, 129 S.Ct. 1937, 1949 (2009).

marketing and planning.  Ellis is their principal and owner. Leading Edge was the organizer of the Show, and Show Services, Amber, and Facet worked for Leading Edge in putting on the Show.

As the Show's general contractor, Show Services received from defendants a number of purchase orders for carpet, labor, furniture, equipment, and materials, based on which Show Services made preparations and plans for the Show.  In turn, it performed services through its own personnel, laborers, and subcontractors. Show Services purchased an extensive quantity of high grade carpet that defendants were to pay for and own after the Show was concluded.  Although defendants promised to pay Show Services for its services and the special carpet, Show Services has not been paid despite repeated presentments and demands.

Show Services sued Amber and Facet in state court on 11 causes of action.  Following removal, Facet filed a third-party complaint against Leading Edge, who in turn filed a counterclaim against Facet.  Show Services amended its complaint to add Ellis and Leading Edge as defendants and allege additional claims.  Leading Edge moves to dismiss Show Services' amended complaint under Rule 12(b)(6).

II

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While "the pleadings standard Rule 8 announces does not

require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  And "a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Twombley*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.; see also Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

not 'shown'——'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Rule 8(a)(2))(alteration omitted).

III

Show Services alleges 19 claims in its amended complaint. Of these, 11 were originally asserted in Show Services' state court petition. Apart from the inclusion of Ellis and Leading Edge as defendants, the facts section of the amended complaint is virtually identical to the one in the state court petition. Most of Show Services' allegations are directed at "Defendants" as an undifferentiated group, even though Show Services does not allege that it had a direct contractual relationship with Leading Edge.

A

Because Show Services has withdrawn its claims for fraud, constructive fraud, and sham to perpetrate a fraud for now, the court need not address these claims.

B

Show Services has failed to state plausible claims against Leading Edge for breach of written or oral contract.

As noted, Show Services lumps all defendants together for most allegations. It alleges that it and defendants entered into written and oral contracts governing its services. But its averments approximate being formulaic. And the invoices that Show Services attaches to its amended complaint reflect that it was

billing "Facet International Marketing," not Leading Edge.[3]  They
also reference Ellis, who is alleged to be Facet's principal and
owner.  Show Services has therefore failed to plead plausible
claims for breach of written and oral contract.

C

Show Services has also failed to plead a plausible claim for
unjust enrichment/restitution.  Show Services seeks this relief in
the alternative, contending that "Defendants have been unjustly
enriched" because Show Services provided goods and services that
benefited them and that they accepted but for which they did not
pay.  *See* Am. Compl. 5.

Unjust enrichment is not an independent cause of action under
Texas law.  *Redwood Resort Props., LLC v. Holmes Co.*, 2006 WL
3531422, at *9 (N.D. Tex. Nov. 27, 2006) (Fitzwater, J.)
(dismissing unjust enrichment claim and holding that it is not an
independent cause of action) (citing *Doss v. Homecoming Fin.
Network, Inc.*, 210 S.W.3d 706, 709 n.4 (Tex. App. 2006, pet.
denied); *see also Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836,
840 (5th Cir. 2004) ("Money had and received is an equitable

---

[3]In its response to the motion, Show Services cites references
to "Leading Edge" in the invoices and states that the "invoices are
a mere portion of the thousands of pages of total evidence."  P.
Resp. Br. 5.  This does not change the fact that the invoices are
directed to "Facet International Marketing" as the "CUSTOMER."
Moreover, the court is granting Show Services leave to replead.
And if there are facts that allow it to plead plausible claims, it
will have the opportunity to do so.

doctrine applied to prevent unjust enrichment." (quoting *Miller-Rogaska, Inc. v. Bank One, Tex., N.A.*, 931 S.W.2d 655, 662 (Tex. App. 1996, no pet.))); *Merrill Lynch, Pierce, Fenner & Smith, P.C. v. Greystone Servicing Corp.*, 2007 WL 2729935, at *12 (N.D. Tex. Sept. 18, 2007) (Solis, J.) (explaining that "[a]nother basis for recovering under the theory of unjust enrichment is when a claim for 'money had and received' has been established"); *Wood v. Gateway, Inc.*, 2003 WL 23109832, at *12 (N.D. Tex. Dec. 12, 2003) (Cummings, J.) (dismissing unjust enrichment claim as not an independent cause of action).  Moreover, Texas courts of appeals have consistently held that unjust enrichment is not an independent cause of action, but is instead a theory upon which an action for restitution may rest.[4]  *See, e.g.*, *Argyle Indep. Sch. Dist. v. Wolf*, 234 S.W.3d 229, 246-47 (Tex. App. 2007, no pet.); *Friberg-Cooper Water Supply Corp. v. Elledge*, 197 S.W.3d 826, 831-32 (Tex. App. 2006, pet. granted) (treating unjust enrichment claim as a claim for money had and received), *rev'd on other grounds*, 240 S.W.3d 869 (Tex. 2007); *Mowbray v. Avery*, 76 S.W.3d 663, 680 (Tex. App. 2002, pet. denied).

To the extent that Show Services can legally recover on its

---

[4]"Although an intermediate appellate court decision is not controlling where the highest state court has not spoken on the subject, [the court] ordinarily defer[s] to the holdings of lower appellate courts in the absence of guidance from the highest court."  *Holden v. Connex-Metalna Mgmt. Consulting GmbH*, 302 F.3d 358, 364-65 (5th Cir. 2002) (internal quotation marks omitted).

claim for unjust enrichment/restitution, it still has not pleaded a plausible claim. "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex. 1992). Based on Show Services' amended complaint, it appears that Show Services only invoiced "Facet International Marketing," not Leading Edge. This would suggest that Show Services, acting as general contractor for and assisting in the production the Show, expected to be paid by Facet and Amber. Show Services does not assert the predicate facts for a plausible claim that Leading Edge's conduct amounts to fraud, duress, or the taking of an undue advantage.

D

For a similar reason, Show Services has failed to plead a plausible claim for quantum meruit. One element of a quantum meruit claim is that the circumstances reasonably notified the recipient of the services or materials that the plaintiff expected to be paid *by the recipient*. *See Heldenfels*, 832 S.W.2d at 41. As noted, it appears from Show Services' amended complaint that it only invoiced "Facet International Marketing," not Leading Edge. This would suggest that Show Services expected to be paid by Facet

and Amber.[5]  Show Services has failed to plead a plausible claim for unjust enrichment/restitution.

E

Show Services' promissory estoppel claim is not plausible because Show Services does not sufficiently allege that it relied on a promise made by Leading Edge instead of by Facet or Amber. *See, e.g., English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983) (listing promise and foreseeability of reliance as elements of promissory estoppel).  Again, Show Services lumps all defendants together in this count of its amended complaint, and its invoices are addressed to "Facet International Marketing."

F

Show Services' constructive trust claim likewise is not plausible.  To obtain a constructive trust, Show Services must prove (1) breach of a special trust, fiduciary relationship, or actual or constructive fraud, (2) unjust enrichment of Leading Edge; and (3) tracing to an identifiable *res*.  *Hubbard v. Shankle*, 138 S.W.3d 474, 485 (Tex. App. 2004, pet. denied).  Show Services has not pleaded a special trust or fiduciary relationship in relation to Leading Edge, and it has dropped its fraud claims for now.  The court has dismissed Show Services' unjust enrichment claim.  The constructive trust claim therefore fails as well.

---

[5]Notably, Show Services did not even name Leading Edge as a defendant when it originally filed this lawsuit.

To plead a plausible claim for money had and received/restitution, Show Services must plead sufficient facts to show that Leading Edge holds money that in equity and good conscience belongs to Show Services. "Money had and received is an equitable doctrine applied to prevent unjust enrichment." *Bank of Saipan v. CNG Fin. Corp,* 380 F.3d 836, 840 (5th Cir. 2004) (quoting *Miller-Rogaska, Inc. v. Bank One, Texas, N.A.*, 931 S.W.2d 655, 662 (Tex. App. 1996, no writ) (ellipsis omitted)). "'[A] cause of action for money had and received is less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely at the inquiry, whether the defendant holds money, which belongs to the plaintiff.'" *Id.* (quoting *Staats v. Miller*, 243 S.W.2d 686, 687–88 (Tex. 1951)).

Largely for the reasons already explained, Show Services has not pleaded a plausible claim that Leading Edge holds money that in equity and good conscience belongs to Show Services. This claim is rendered implausible by the invoices attached to Show Services' amended complaint, none of which is addressed to Leading Edge.

H

Show Services' claim for suit on account is not plausibly pleaded because, as already explained, Show Services has not pleaded facts that show an account with Leading Edge as opposed to

"Facet International Marketing."  Moreover, in its amended complaint, Show Services cites Exhibit A in support of this claim. Am. Compl. 7.  Exhibit A (a Texas procedural device, *see* Tex. R. Civ. P. 185) in turn relies on 12 pages of records.  The invoices, however, are the ones to which the court has earlier referred——they are addressed to "Facet International Marketing."  This claim is also subject to dismissal.

I

To state a claim for conversion, Show Services must plead sufficient facts to plausibly show the following: (1) Show Services owned, had legal possession of, or was entitled to possession of the property; (2) Leading Edge assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with Show Services' rights; (3) Show Services made a demand for the property; and (4) Leading Edge refused to return the property.  *See Ojeda v. Wal-Mart Stores, Inc.,* 956 S.W.2d 704, 707 (Tex. App. 1997, pet. denied).  Show Services has at best pleaded claims to recover for unpaid services and for unreimbursed purchases of property, not a claim for the tort of conversion.  This claim is dismissed.

J

To the extent that Show Services' claim for agency and alter ego is intended to be an independent claim, it is not plausible because it is not a recognized cause of action.

For example,[6]

> [t]he various doctrines for piercing the
> corporate veil are not substantive causes of
> action. Rather, they are a means of imposing
> on an individual a corporation's liability for
> an underlying cause of action. Without an
> underlying cause of action creating corporate
> liability, evidence of an abuse of the
> corporate form is immaterial.

*Cox v. S. Garrett, L.L.C.*, 245 S.W.3d 574, 582 (Tex. App. 2007, no

pet.) (citations and internal quotation marks omitted).

> The fact that a corporation may be the alter
> ego of an individual or that the individual
> may be the alter ego of a corporation does not
> create a cause of action against either the
> individual or the corporation as is contended
> by the appellant. Like agency it is merely a
> ground upon which the individual may be held
> liable upon a cause of action which otherwise
> would have existed only against the
> corporation.

*Gulf Reduction Corp. v. Boyles Galvanizing & Plating Co.*, 456

S.W.2d 476, 480 (Tex. Civ. App. 1970, no writ).

K

Show Services has failed to plead a plausible claim for an

accounting. "An equitable accounting is proper when the facts and

accounts presented are so complex adequate relief may not be

obtained at law." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop.

Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App. 2002, pet. denied)

---

[6]The court recognizes that Show Services is not simply trying
to pierce the corporate veil of Leading Edge. These cases
illustrate the premise that this claim is not of itself a cause of
action.

(citing *Hutchings v. Chevron U.S.A.*, 862 S.W.2d 752, 762 (Tex. App. 1993, writ denied)).   Show Services has pleaded in general and conclusory terms that Facet, Ellis, and Leading Edge have commingled funds and assets that they received from vendors, exhibitors, and attendees at the Show.   But Show Services concedes in its amended complaint that "[t]he exact nature of the transactions, transfers and conveyances at issue are unknown to Plaintiff[.]"   Am. Compl. 9.   Therefore, it has not plausibly pleaded that the facts and accounts are so complex that adequate relief may not be obtained at law.   This claim is dismissed.

L

Show Services' single business enterprise/joint enterprise claim fails for the same reasons as does its claim for agency and alter ego.   Assuming it is a viable basis in Texas apart from alter ego, *see Southern Union Co. v. City of Edinburg*, 129 S.W.3d 74, 87 (Tex. 2003) (declining to decide whether single business enterprise is necessary in addition to alter ego for disregarding corporate structure), it is a remedy rather than a cause of action.   *See, e.g., Acad. of Skills & Knowledge, Inc. v. Charter Schools, USA, Inc.*, 260 S.W.3d 529, 538-39 (Tex. App. 2008, pet. denied) ("The single business enterprise doctrine is not a cause of action, but rather a theory for imposing liability where two or more business entities act as one." (citing *Paramount Petrol. Corp. v. Taylor Rental Ctr.*, 712 S.W.2d 534, 536 (Tex. App. 1986, writ ref'd

n.r.e.))).

M

Show Services' claims for fraudulent conveyance, civil conspiracy, civil conspiracy for conversion, and negligent misrepresentation have little factual detail and are therefore conclusory and formulaic. These claims are dismissed.

IV

Although the court is granting the motion to dismiss, it will permit Show Services to replead. Courts often grant plaintiffs one opportunity to refile a dismissed claim, unless it appears the plaintiff cannot cure the initial deficiencies in the complaint. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d at 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") (internal quotation marks omitted). Although it appears that the defects in some of Show Services' claims are incurable (because they are not recognized causes of action in Texas), the court cannot say that all the deficiencies are incapable of being remedied by amendment.

\* \* \*

Accordingly, for the reasons explained, the court grants Leading Edge's August 4, 2010 motion to dismiss. It grants Show Services leave to file a second amended complaint within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

October 29, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE